UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AVALOS,<br><br>    Plaintiff,<br><br>v.<br><br>J & D PROPERTIES,<br><br>    Defendant. | Case No. 1:20-cv-01604-NONE-EPG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>(ECF No. 10) |

Currently pending before the Court is Plaintiff George Avalos' ("Plaintiff") motion for leave to file a First Amended Complaint. (Doc. No. 10.) The motion is unopposed. The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and vacated the hearing on the motion set for April 9, 2021. (Doc. No. 14.) Having considered the motion as well as the record in this case, Plaintiff's motion for leave to amend shall be GRANTED.

**I.    BACKGROUND**

Plaintiff filed this action on November 12, 2020, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*, and the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.* (ECF No. 1.) The complaint named J & D Properties, A California Limited Partnership, and Does 1-10 as defendants. (*Id.*) At Plaintiff's request, the Clerk of Court entered default against J & D Properties on December 14, 2020. (ECF Nos. 6, 7.)

On February 9, 2021, Plaintiff filed a notice stating that J & D Properties, a California Limited Partnership is the incorrect Defendant and the correct Defendant should be J & D Properties, a California general partnership. (ECF No. 8.) According to the notice, the correct defendant's name was discovered that day, and Plaintiff intended to file a motion for leave to amend. (*Id.*)

Plaintiff filed his motion for leave to amend the complaint on February 24, 2021. In the motion, Plaintiff again explained that, after service of the summons and complaint and entry of default against J & D Properties, Plaintiff's counsel became aware that J & D Properties, a California general partnership, is the true and correct owner of the subject property at issue. (ECF No. 10 at 2-3.) Plaintiff therefore seeks leave to file the First Amended Complaint in order to correctly name the defendant in this matter. (ECF No. 10-1 at 3-4.) Plaintiff has submitted a copy of the proposed First Amended Complaint as well as a redline version identifying the proposed changes. (ECF Nos. 10-3, 10-4.)

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to

pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

To evaluate a motion to amend under Rule 15, the Court considers the following factors: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

### III.    DISCUSSION

Leave to amend is appropriate under Rule 15(a). Plaintiff does not appear to have unduly delayed in seeking to amend the complaint or to have acted in bad faith or with a dilatory motive. Plaintiff learned that J & D Properties, a California general partnership, was the correct owner of the subject property on February 9, 2021, and Plaintiff filed his motion approximately two weeks later on February 24, 2021. (*See* ECF Nos. 8, 10.) It does not appear that the relatively brief delay in learning of the defendant's correct name warrants denial of amendment. Additionally, there is no indication of prejudice to any parties as J & D Properties is presently in default and no opposition to the motion has been filed. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."). The Court has also reviewed the proposed amended complaint and finds that the granting of leave to amend would not be futile. *See Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'").

///

The Court acknowledges that amendment may result in some slight delay in the resolution of this action. However, this is only one of several factors for the court's consideration, and it is not the most important. *See Jackson*, 902 F.2d at 1387 ("Prejudice to the opposing party is the most important factor" in determining whether to grant leave to amend."). Having found that there is no showing of prejudice, bad faith, or futility, the Court is satisfied that the granting of leave to amend is warranted here.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a First Amended Complaint (ECF No. 10) is GRANTED;

2. Within seven (7) days of the date of this Order, Plaintiff shall file his First Amended Complaint, a copy of which is attached as Exhibit 1 (ECF No. 10-3) to the Declaration of Joseph R. Manning filed in support of the motion;

3. Upon the filing of the First Amended Complaint, the Clerk of Court is directed to issue summons as to J & D Properties, a California general partnership;

4. Plaintiff shall effectuate service of the summons and First Amended Complaint on J & D Properties, a California general partnership, within the time limit for service prescribed by Federal Rule of Civil Procedure 4(m); and

5. Any answer or other responsive pleading to the First Amended Complaint shall be filed and served in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

IT IS SO ORDERED.

Dated:  **April 5, 2021**                     /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

4